Walter Shemerdiak v. Commissioner.
Shemerdiak v. Commissioner
Docket No. 414-62.
United States Tax Court
T.C. Memo 1963-235; 1963 Tax Ct. Memo LEXIS 111; 22 T.C.M. (CCH) 1194; T.C.M. (RIA) 63235; August 29, 1963
Walter Shemerdiak, pro se, 10944 S. Wentworth Ave., Chicago, Ill. Helen A. Viney, for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The Commissioner determined a deficiency in petitioner's income tax for the year 1960 in the amount of $369.64. The issues for decision are: (1) Whether petitioner's aunt had a gross income of over $600 so that he is not entitled to claim her as a dependent; (2) Whether petitioner provided more than one-half his aunt's support so that he is entitled to deduct medical expenses paid by him on her behalf; (3) Whether petitioner is entitled to deduct certain *112 real estate and other property taxes; (4) Whether petitioner is entitled to a bad debt deduction in the amount of $1,995; and (5) Whether petitioner is entitled to a deduction for interest payments. The petitioner has conceded the correctness of the Commissioner's determination with respect to State gasoline taxes. Findings of Fact and Opinion The petitioner is an individual who resides at 10944 S. Wentworth Avenue, Chicago, Illinois. He filed his Federal income tax return with the district director of internal revenue at Chicago, Illinois. During the year in question, petitioner resided with his aunt, Katherine Latzick, at the S. Wentworth Avenue address, a five-room frame house owned by her. She was 72 years of age in 1960. She was then, and is now, in very poor health, requiring constant medical care. In 1960, according to petitioner's own testimony, Katherine Latzick received social security benefits in the amount of $613.20 and rental payments in the amount of $814, totaling $1,427.20. Thus, even without reference to social security benefits, she had a gross income in excess of $600 in 1960 and, under section 151 of the Internal Revenue Code *113 of 1954, petitioner may not claim her as a dependent in that year. Without itemizing the various expenditures made by petitioner with respect to his aunt in 1960, to which he testified in detail and to which there seems to be no disagreement as to amounts, we find that petitioner paid at least $2,900 in support of his aunt in that year. She spent no capital during the year. Taken together with her own independent income, it is apparent that petitioner provided substantially more than one-half his aunt's support in 1960. This being the case, and Katherine Latzick being of a class of relative that brings her within the definition of "dependent" contained in section 152 of the 1954 Code, petitioner is entitled to deduct medical expenses paid by him in 1960 on behalf of his aunt. Those expenses, which petitioner may deduct, totaled $674. The S. Wentworth Avenue property may pass to petitioner under his aunt's will at her death. Petitioner paid real estate and other local property taxes in 1960, which she was unable to pay, in the amount of $184. However, the liability for the taxes was not his, and he is not entitled to a deduction therefor. It is well established that taxes may only *114 be deducted by the person on whom imposed. Edward C. Kohlsaat, 40 B.T.A. 528 (1939). Petitioner claims a bad debt deduction in the amount of $1,995. His aunt owned a gasoline filling station which may become petitioner's property at her death. Petitioner expended $1,995 on repairs of the filling station in 1960, following a fire. It is not clear under exactly what theory petitioner claims a deduction for this amount. At best, it would seem to have been a gift for the benefit of his aunt. We find no provision of the internal revenue laws which would entitle him to such a deduction, and it is disallowed. In 1960, petitioner borrowed $7,000 from the Self-Reliance Federal Credit Union with respect to which petitioner claims a deduction for interest payments. At the trial petitioner produced documentary evidence to substantiate the claimed interest payments. He paid interest in the amount of $249.85 in 1960 and is entitled to a deduction therefor. Decision will be entered under Rule 50.